IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ORVILLE M. HUTTON,

        Petitioner,

v.                                                 Civil Action No. 1:13cv186
                                                  (Judge Keeley)

STATE OF WEST VIRGINIA,

        Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On August 19, 2013, the *pro se* petitioner filed a Motion to Vacate Conviction and or Emergency Petition for Writ of Error Coram Nobis and Request for Expedited Hearing, which was docketed as a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. The following day, the Clerk of the Court sent the petitioner a Notice of Deficient Pleading which advised him that he must file his petition on the court-approved form which was enclosed and either pay the $5.00 filing fee or submit the appropriate application to proceed *in forma pauperis* with supporting documents.[1] On August 30, 2013, the petitioner paid the required fee, and on September 16, 2013, he filed his petition on this Court's approved form, along with an Emergency Petition for Writ of Error Coram Nobis[2] and Request for Expedited hearing. On September 18, 2013, the respondents were directed to answer the petition. On September 20, 2013, respondents State of West Virginia ("the State")

---

[1] On August 21, 2013, realizing the case had inadvertently been docketed as a habeas corpus petition pursuant to 28 U.S.C. §2241, the Clerk corrected the docketing error and issued a Second Notice of Deficient Pleading, providing the petitioner with the court-approved form for a §2254 petition.

[2] The Emergency Petition is an almost-identical copy of the original petition and raises no new claims.

1

and Patrick Morrissey ("Morrissey") did so. On September 27, 2013, respondent Joseph Shaffer ("Shaffer") filed his answer, and respondents Eric Holder ("Holder"), William Ihlenfeld II ("Ihlenfeld"), and ICE filed theirs.

On October 8, 2013, the petitioner moved for an extension of time in which to respond; by Order entered October 10, 2013, the extension of time was granted. Petitioner filed his response on November 6, 2013, and on November 22, 2013, he filed an addendum to his response.

This matter is pending before the undersigned for review, report and recommendation, pursuant to LR PL P 2.

## II. Factual and Procedural History

### A. Conviction and Sentence

Petitioner avers that he is a Jamaican national who came to the United States in 1968 with his family when he was nine years old, and that he has lived here for 42 years,[3] attending grade school, high school and three years of college. He is a permanent resident, presently in the custody of Immigration, Customs and Enforcement ("ICE"), at the York County Prison, in York, Pennsylvania.

A review of the record reveals that in January, 2010, petitioner was indicted by a Grand Jury sitting in the Circuit Court of Harrison County, West Virginia, on four counts: Count One, the felony offense of Malicious Wounding, in violation of W.Va. Code §61-2-9(a), and Counts Two, Three and Four, three counts of the felony offense of Sexual Assault in

---

[3] By the undersigned's calculation, petitioner has been in the United States for 46 years.

the Second Degree, in violation of West Virginia Code §61-8B-4. The victim in the offenses was petitioner's live-in girlfriend and the mother of their then-five-year-old son.

On May 21, 2010, pursuant to a written plea agreement, petitioner entered an Alford[4] plea to the felony charge of Unlawful Assault, a lesser included offense of Malicious Wounding, in violation of West Virginia Code §61-2-9(a), in exchange for the dismissal of Counts Two, Three and Four, the three counts of Sexual Assault in the Second Degree.

Petitioner avers that on or about July 6, 2010, he was sentenced to a term of imprisonment of not less than one nor more than five years, with no parole. He alleges that he first became aware of removal proceedings by the Department of Homeland Security on or about May 15, 2013, ten days before he was discharged from the state penitentiary on May 25, 2013.

**B. Petitioner's Direct Appeal**

The petitioner did not appeal his conviction.

**C. Petitioner's State Habeas Petition**

The petitioner did not file a state habeas petition.

**D. State Petition for Writ of Error Coram Nobis**

Petitioner avers that he filed a Petition for Writ of Error *Coram Nobis* in the sentencing court on September 4, 2013, approximately two weeks after filing the instant petition, alleging a Sixth Amendment violation; ineffective assistance of counsel for failure to

---

[4] North Carolina v. Alford, 400 U.S. 25 (1970); see also Kennedy v. Frazier, 357 S.E.2d 43 (W.Va. 1987).

inform him of the immigration consequences of entering a plea; and a due process violation. The present status of that petition is unknown.[5]

### E. Federal Habeas Corpus

On August 19, 2013, petitioner filed the instant federal habeas petition, raising the following grounds for relief:

1) Counsel was ineffective for:

    a) violating his Sixth Amendment right to counsel, by failing to advise petitioner that as a Jamaican national, he faced potential mandatory deportation consequences if he accepted the plea agreement; and for

    b) failing to advise him of his right to appeal based on Padilla.[6]

2) The sentencing court's failure to advise him of the potential for mandatory deportation consequences if he pled guilty rendered his plea unknowing, involuntary, and invalid.

3) Alternatively, petitioner, admitting he is not eligible for the remedy afforded by a state habeas petition because he is no longer in state custody, seeks the grant of a writ of error *coram nobis*, pursuant to Padilla and to Chaidez v. United States.[7]

As relief, petitioner seeks to have his state court conviction vacated; the record of that conviction expunged; his ICE removal proceedings in Immigration Court in York County, Pennsylvania "stayed or cancelled," and release from custody "pending the outcome of the appeal [sic] of the conviction[.]"

### F. Answer of Respondents State of West Virginia and Attorney General Patrick Morrissey

---

[5] In the addendum to his reply to the respondents' answers, petitioner avers that the Office of the Harrison County Prosecuting Attorney has filed a motion to dismiss his state petition for writ of error *coram nobis*. (Dkt.# 29 at 2).

[6] Padilla v. Kentucky, 559 U.S. 356 (2010).

[7] Chaidez v. United States, 133 S. Ct. 1103 (2013).

4

Respondent Morrissey and the State argue that

1) the Court has improperly construed petitioner's petition for writ of error *coram nobis* as one for habeas under 28 U.S.C. §2254;

2) §2254 habeas relief is only available to persons in state court custody;

3) petitioner's ineffective assistance of counsel claims are unexhausted, because petitioner has never raised them on direct appeal or in state habeas proceedings;

4) respondents Morrissey and the State are not proper respondents in these proceedings;

5) a writ of error *coram nobis* is not available in federal court to attack a state court conviction; and

6) petitioner's habeas claims fail on the merits, because he cannot prove prejudice.

### G. **Answer of Respondent Joseph Shaffer, Office of Prosecuting Attorney, Harrison County, West Virginia**

Respondent Shaffer contends that

1) the Court has improperly construed petitioner's petition for writ of error coram nobis as one for habeas under 28 U.S.C. §2254;

2) §2254 habeas relief is only available to persons in state court custody;

3) petitioner's ineffective assistance of counsel claims are unexhausted, because they have never been raised on direct appeal or in state habeas proceedings;

4) respondent Shaffer is not a proper respondent in these proceedings;

5) a writ of error *coram nobis* is not available in federal court to attack a state court conviction; and

6) petitioner's habeas claims fail on the merits, because he cannot prove prejudice.

### H. **Answer of Respondents Eric Holder, United States Attorney General; William J. Ihlenfeld, II, United States Attorney for the Northern District of West Virginia; and Department of Homeland Security and United States Immigration and Customs Enforcement ("ICE"), (collectively "the federal respondents")**

The federal respondents argue that

1) habeas relief pursuant to 28 U.S.C. §2254 is not available to the petitioner because he is no longer in state custody;

2) a federal court cannot issue a writ of error *coram nobis* to set aside a state court conviction;

3) this Court lacks jurisdiction because Mr. Hutton cannot collaterally attack his state conviction in a habeas petition challenging his present detention; and

4) the federal respondents have not received sufficient service of process.

## I. Petitioner's Response and Addendum

Petitioner reiterates his claims and attempts to refute the respondents' arguments on the same.

### III. Analysis

### A. Service of Process

The federal respondents first argue that the instant petition should be dismissed because it petitioner cannot proceed under 28 U.S.C. §2254 and he failed to perfect service by serving a copy of both the summons and complaint on both the United States and the individuals being sued in their official capacities as required by Federal Rule of Civil Procedure 4(i)(2). The Court finds this argument unavailing. Federal Rule of Civil Procedure 81(a)(4) provides that the "rules [of civil procedure] apply to proceedings for habeas corpus. . . to the extent that the practice in those proceedings is not specified in . . . the Rules Governing Section 2254 Cases." Rule 1(b) of the Rules Governing Section 2254 Cases, dealing with the scope of the rules, states that "[t]he district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a)," which just states that the rules apply to 2254 Cases. Simply put, the Court may apply the rules to *any* habeas petition, including a 2241.

The Rules Governing Habeas Cases delineate the initiation of the petition. A petitioner must first name the respondents who have current custody,[8] and possibly those having future custody, and follow a standard form for requesting relief. Rules Governing § 2254 Cases, Rule 2. Second, the petitioner must file an original and two copies of the petition with the Clerk of Court, and either pay the applicable filing fee or motion the court for leave to proceed *in forma pauperis*. Id., Rule 3. After the filing fee is paid, or the petitioner is granted leave to proceed as a pauper, the judge then undertakes a preliminary review of the petition to determine if summary dismissal is warranted. If it is not, then the judge "must order the respondent to file an answer, motion, or other response within a fixed time," and the "respondent is not required to answer the petition unless a judge so orders." Id., Rs. 4, 5.

As this shows, the initiation of a habeas petition is quite different from the filing of a traditional civil complaint, which requires a plaintiff to summon a defendant to answer, in that here, the judge orders the respondents to answer. Moreover, no court has found that Rule 4 of the Federal Rules of Civil Procedure applies in habeas proceedings. *See* 28-671 *Moore's Federal Practice–Criminal Procedure* § 671.03 (compiling habeas cases that incorporate each rule of civil procedure). Here, petitioner has filed his habeas petition challenging his state court conviction in accordance with the Rules Governing Habeas Cases; the petition was initially construed by the court as stating a §2254 claim; petitioner paid his filing fee; and the undersigned ordered respondents to answer. That is all that is required by the rules; thus, dismissal is not appropriate under Federal Rule of Civil Procedure 12(b)(5).

**B. Section 2254 Habeas Petition**

---

[8] The undersigned recognizes that the petitioner improperly named several of the respondents.

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Hutton's habeas petition (as well as his alternative petition for writ of error *coram nobis)* is clearly a challenge to the validity of his state court conviction. Were he a federally-sentenced defendant in custody, the appropriate measure would have been for him to file a motion for a collateral attack pursuant to 28 U.S.C. § 2255. See United States v. Wilson, 901 F.2d 378 (4th Cir. 1990) (holding that the district court properly treated a petition for writ of *coram nobis* as a motion brought pursuant to § 2255). Accordingly, when this case was filed, the Court construed this petition as one filed under 28 U.S.C. § 2254.

However, to invoke habeas corpus review by a federal court, a petitioner must satisfy two jurisdictional requirements: the status requirement that he be "in custody," and the substance requirement that the petition challenges the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a); See also Maleng v. Cook, 490 U.S. 488, 490 (1989); United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (denying a federal defendant's motion to vacate a restitution order because "by its plain terms, § 2255 [like § 2254, despite certain textual distinctions] is available only to defendants who are in custody and claiming the right to be released"). Further, 28 U.S.C. §2254(a) specifies that "a district court shall entertain an application for a Writ of Habeas Corpus in behalf of a person in custody *pursuant to the judgment of a State court[.]"* The Supreme Court has construed this provision to be jurisdictional, requiring that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the

time his petition is filed." Wilson v. Flaherty, 689 F.3d 332, 33 (4th Cir. 2012)(citing Maleng v. Cook, *supra* at 490-91).

As noted *supra,* the petitioner filed the instant petition on August 19, 2013, nearly three months after his May 25, 2013 release from West Virginia Division of Corrections' ("WVDOC") custody.[9] A petitioner in immigration detention awaiting removal is not "in custody" pursuant to a state conviction for purposes of 28 U.S.C. §2254, because the detention is merely a collateral consequence of the conviction. Mainali v. Virginia, 873 F.Supp.2d 748 (E.D. Va. 2012); see also Anushiem v. Super Intendant of Hampton Roads Regional Jail, 2012 WL 3017671 (E.D. Va. 2012). Moreover, "immigration detention is not "custody" for the purpose of establishing jurisdiction to consider habeas petitioners challenging a state court conviction pursuant to 28 U.S.C. §2254." Ogunwomoju v. United States, 512 F.3d 69, 70 (2nd Cir. 2008). Therefore, although the petitioner is "in custody" with ICE, the petitioner himself acknowledges that he cannot satisfy the status requirement of being "in custody" for the conviction he now seeks to challenge in this §2254 habeas petition; thus, this court has no ground upon which to entertain his habeas petition.

Further, an individual cannot collaterally attack criminal convictions in immigration cases, because a "habeas petition [filed against] an ICE respondent cannot test the sufficiency of petitioner's state conviction." Perez v. Morton, 2012 U.S. Dist. LEXIS 96989, *7-8 (C.D. Cal. Jun. 14, 2012); See also: Al-Najar v. Mukasey, 515 F.3d 708, 714 (6th Cir. 2007);

---

[9] A search of the WVDOC and the West Virginia Regional Jail and Correctional Facility Authority ("WVRJ&CFA") websites verified that the petitioner is no longer in any type of custody by the State of West Virginia, a fact corroborated by Diann E. Skiles, the WVDOC Inmate Records Manager, via an August 21, 2013 telephone call by the undersigned. Ms. Skiles reported that petitioner was released from the state's correctional facility on May 25, 2013 and transferred to its regional jail side, pursuant to a detainer by ICE. He was released to ICE on May 28, 2013 and has been in ICE custody ever since.

9

Resendiz v. Kovensky, 416 F.3d 952, 961 (9th Cir. 2005); Abimbola v. Ashcroft, 378 F.3d 173, 181 (2nd Cir. 2004). Instead, a state conviction "can only be tested in an action against the state, which has the greatest interest in preserving its judgment and the best ability to either correct or defend it." Contreras v. Schiltgen, 122 F.3d 30, 33 (9th Cir. 1997). There is no statute or regulation requiring ICE to inquire into the validity of an underlying conviction; to the contrary, ICE, as an administrative agency overseeing federal immigration, is not competent to inquire into the validity of state criminal convictions. Id. at 32. Further, because Congress knows how to authorize collateral challenges, "the absence of such explicit authorization [in the immigration statutes] indicated congressional intent that collateral challenges not be allowed." Id.

Moreover, to the extent that the habeas petition is construed as a challenge to the commencement of petitioner's removal proceedings, any such claim is foreclosed by the Immigration and Nationality Act ("INA"), Section 1252(g) of which precludes the federal courts from exercising subject-matter jurisdiction over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). See Reno v. American-Arab Anti-Discrimination Comm. ("AADC"), 525 U.S. 471, 482 (1999). Additionally, 8 U.S.C. 1252(a)(5) provides that petitions for review filed with an appropriate court of appeals "shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act." 8 U.S.C. §1252(a)(5). Accordingly, in Lopez-Hidalgo v. Napolitano, 2012 WL 7004560 *8 (N.D. W.Va. 2012), the undersigned concluded that "this Court lacks subject matter jurisdiction to

review any claim to petitioner's right to remain in this country." Further, to the extent that that the petition is construed as challenging the validity of Hutton's removal proceedings, including any removal order issued against him, the INA's jurisdictional provisions clearly bar this court's granting such relief.[10] Petitioner's reliance on INS v. St. Cyr[11] is misplaced; its holding was superseded by statute in 2005, with the passage of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005).[12]

Finally, without reaching the merits of petitioner's claims and their viability under Strickland[13] and Ostrander v. Green,[14] the undersigned further notes that the respondents are correct in concluding that even if this court did have jurisdiction over petitioner's habeas claims, dismissal would still be required under §2254(b) for failure to exhaust, because petitioner has never previously raised his present claims in any state court.

## C. Petition for Writ of Error Coram Nobis

A writ of error *coram nobis* is "one of several common law writs historically available to those seeking post-judgment relief." United States v. Poole, 531 F.3d 263, 267 n.8 (4th Cir.

---

[10] Similarly, this Court lacks jurisdiction to grant petitioner's request for an order staying his pending removal proceedings. See e.g. Tobar-Barrera v. Napolitano, No. RDB 10-0176, 2010 U.S. Dist. LEXIS 23296 (D. Md. Mar. 12, 2010)(explaining that under 8 U.S.C. 1252(g), district courts are prohibited from enjoining removal proceedings).

[11] INS v. St. Cyr, 533 U.S. 289, 313-14 (2001)(holding that §1252(b)(9) did not apply to criminal aliens).

[12] See Iasu v. Smith, 511 F.3d 881, 883, 885, 893 (9th Cir. 2007)(affirming dismissal under §1252(b)(9) of habeas petition filed by criminal alien); Winkler v. Horgan, 629 F.Supp. 2d 159, 161 (D. Mass. 2009)(stating, in discussion of §1252(b)(9) in a case involving a criminal alien, that "the Court has no jurisdiction to review petitioner's removability"); Kapiamba v. Gonzales, C.A. No. 7-335, 2009 U.S. Dist. LEXIS 42747, 2009 WL 1406648 at *1, 2 (W.D. Mich. May 19, 2009) (holding that a district court lacks jurisdiction to review the applicability of the mandatory detention statute to a criminal alien due to the effect of §1252(b)(9)).

[13] Strickland v. Washington, 466 U.S. 668 (1984)(requiring a habeas petitioner alleging ineffective assistance to prove both that that counsel's representation fell below an objective standard of reasonableness, and that he was prejudiced thereby).

[14] Ostrander v. Green, 46 F.3d 347, 356 (4th Cir. 1995)("The potential strength of the state's case must inform our analysis, inasmuch as a reasonable defendant would surely take it into account.")

2008); see Black's Law Dictionary 388 (9th ed. 2009) (defining *coram nobis* as "[a] writ of error directed to a court *for review of its own judgment* and predicated on alleged errors of fact")(emphasis added). A writ of *coram nobis* is available only in very limited circumstances, and then only to persons no longer in custody. See United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1989) ("federal courts have the power under the All-Writs Act, 28 U.S.C. §1651(a), to grant a writ of error *coram nobis* to vacate a conviction *after the sentence has been served*") (emphasis added); *cf.* United States v. Morgan, 346 U.S. 502 (1954). However, the conviction challenged in Morgan was a federal conviction. Here, petitioner seeks to federally challenge a state court conviction; he is not seeking review of any judgment of *this* court. This he cannot do: a federal writ of error *coram nobis* cannot be issued to set aside a state court conviction. See Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964) ("Error *Coram Nobis*, as indulged in United States v. Morgan, cannot issue under the instant proceeding, nor may it be read as a 28 U.S.C. §2255 Motion; for the judgments are not in the court which Thomas has petitioned.") (citations omitted); In Re: Egan, 339 Fed. Appx. 314, 2009 WL 2235814 (4th Cir. 2009)(a writ of error *coram nobis* may not be used to set aside a state conviction.); and In Re: Shelton, 1Fed. Appx. 149, 2001 WL 15324 (4th Cir. 2001)(recognizing the court's lack of jurisdiction under §1651(a) "to alter the judgment of a Virginia trial court.").

## V. Recommendation

It is recommended that the petition pursuant to 28 U.S.C. §2254 and alternative petition for writ of error *coram nobis* be **DENIED and DISMISSED with prejudice** because the petitioner fails to meet the jurisdictional requirements.

It is further recommended that petitioner's pending Emergency Petition for Writ of Error Coram Nobis and Request for Expedited Hearing (Dkt.# 12) and his second Motion to Include Additional Pages (Dkt.# 13) be **DENIED as moot**.

**Within fourteen (14) days after being served with a copy** of this Recommendation, **or by February 5, 2014**, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATE: January 22, 2014

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE