IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**ORVILLE M. HUTTON,**

            **Plaintiff,**

**v.**                             //    **CIVIL ACTION NO. 1:13CV186**
                                             **(Judge Keeley)**

**STATE OF WEST VIRGINIA, ET AL.,**

            **Defendants.**


**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 32],
DISMISSING § 2254 PETITION [DKT. NO. 10] AND PETITION FOR
WRIT OF ERROR CORAM NOBIS [DKT. NO. 12] WITH PREJUDICE,
AND DENYING AS MOOT REQUEST FOR EXPEDITED HEARING
[DKT. NO. 12] AND MOTION TO FILE EXCESS PAGES [DKT. NO. 13]**

    On September 16, 2013, the pro se petitioner, Orville M. Hutton ("Hutton"), filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 (dkt. no. 10), an emergency petition for writ of error coram nobis and request for expedited hearing (dkt. no. 12), and a motion to file excess pages (dkt. no. 13). In accordance with LR PL P 2, the Court referred this matter to the Honorable James E. Seibert, United States Magistrate Judge.

    On January 22, 2014, Judge Seibert entered his report and recommendation ("R&R"), which recommended that the Court dismiss Hutton's § 2254 petition and petition for writ of error coram nobis with prejudice and deny as moot his request for expedited hearing and motion to include additional pages. On February 4, 2014, Hutton filed timely objections. For the following reasons, the

**HUTTON V. STATE OF WEST VIRGINIA, ET AL.** 1:13CV186

**ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING
§ 2254 PETITION AND PETITION FOR WRIT OF ERROR <u>CORAM NOBIS</u>
WITH PREJUDICE, AND DENYING AS MOOT REQUEST FOR
EXPEDITED HEARING AND MOTION TO FILE EXCESS PAGES**

Court **ADOPTS** the R&R, **DISMISSES** the § 2254 petition and the <u>coram nobis</u> petition **WITH PREJUDICE**, and **DENIES AS MOOT** the request for expedited hearing and the motion to file excess pages.

**I.**

Hutton is a Jamaican national who has resided in the United States since 1968. In January 2010, a grand jury sitting in the Circuit Court of Harrison County, West Virginia indicted Hutton on one count of malicious wounding and three counts of felony sexual assault. On May 21, 2010, Hutton entered a "Kennedy" plea to malicious wounding in exchange for the State's dismissal of the sexual assault charges. On July 6, 2010, the Harrison County Circuit Court sentenced Hutton to not less than one nor more than five years imprisonment with no possibility of parole. According to Hutton, on May 15, 2013, ten days before he was discharged from the State penitentiary, he became aware of removal proceedings by the United States Immigration and Customs Enforcement agency ("ICE").

After his release, ICE detained Hutton, who remains in detention at the York County Prison in York, Pennsylvania. In this action, Hutton claims that neither his attorney in the Harrison

**HUTTON V. STATE OF WEST VIRGINIA, ET AL.** **1:13CV186**

**ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING § 2254 PETITION AND PETITION FOR WRIT OF ERROR <u>CORAM NOBIS</u> WITH PREJUDICE, AND DENYING AS MOOT REQUEST FOR EXPEDITED HEARING AND MOTION TO FILE EXCESS PAGES**

County proceedings nor the presiding judge advised him of the immigration consequences associated with a guilty plea. As relief, Hutton seeks to have his state conviction vacated and his ICE removal proceedings stayed. In his R&R, Judge Seibert did not reach the merits of the petition, finding instead that Hutton's petition did not satisfy the jurisdictional requirements of a § 2254 petition and that Hutton incorrectly filed his petition for a writ of error <u>coram nobis</u> in federal court. The Court reviews Judge Seibert's reasoning under a <u>de novo</u> standard. <u>See</u> 28 U.S.C. § 636(b)(1).

**II.**

Congress has directed district courts to entertain habeas petitions "in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted this statutory language as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time the petition is filed." <u>Maleng v. Cook</u>, 490 U.S. 488, 489-91 (1989) (per curiam). This is a jurisdictional prerequisite to judicial review. <u>See</u> <u>Wilson v. Flaherty</u>, 689 F.3d 332, 336 (4th Cir. 2012).

**HUTTON V. STATE OF WEST VIRGINIA, ET AL.**                         **1:13CV186**

### ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING § 2254 PETITION AND PETITION FOR WRIT OF ERROR <u>CORAM NOBIS</u> WITH PREJUDICE, AND DENYING AS MOOT REQUEST FOR EXPEDITED HEARING AND MOTION TO FILE EXCESS PAGES

Here, the Court lacks jurisdiction to review Hutton's § 2254 petition because he was not in custody at the time he filed his petition. On May 25, 2013, Hutton was released from the State penitentiary and transferred to the regional jail, where he stayed for three days. He was released to ICE on May 28, 2013 and remains detained by that agency. He originally filed this petition on August 19, 2013.[1]

In <u>Maleng</u>, the Supreme Court held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." 490 U.S. at 492. It is well settled that "[r]emoval proceedings are at best a collateral consequence of conviction." <u>Ogunwomoju v. United States</u>, 512 F.3d 69, 75 (2d Cir. 2008); <u>see also, e.g.</u>, <u>Mainali v. Virginia</u>, 873 F. Supp. 2d 748, 751 (E.D. Va. 2012).

Therefore, because Hutton filed his habeas petition attacking his state conviction after that sentence had expired, and because his ICE detention is merely a collateral consequence of his state

---

[1] Hutton did not file the petition on the court-approved form until September 16, 2013.

**HUTTON V. STATE OF WEST VIRGINIA, ET AL.****1:13CV186**

**ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING
§ 2254 PETITION AND PETITION FOR WRIT OF ERROR <u>CORAM NOBIS</u>
WITH PREJUDICE, AND DENYING AS MOOT REQUEST FOR
EXPEDITED HEARING AND MOTION TO FILE EXCESS PAGES**

conviction, the Court lacks jurisdiction to reach the merits of Hutton's petition.

### III.

In addition to his habeas petition, Hutton also has filed a petition for a writ of error <u>coram nobis</u>. The "All Writs Act," 28 U.S.C. § 1651(a), permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Moreover, the United States Supreme Court has determined that federal district courts may grant writs of error <u>coram nobis</u>. <u>See</u> <u>United States v. Morgan</u>, 346 U.S. 502, 511 (1954).

However, "while the writ of <u>coram nobis</u> may be available to challenge a previous federal conviction, a federal court simply lacks jurisdiction to vacate the judgment of a separate state court." <u>Bayat v. United States</u>, 689 F. Supp. 2d 799, 800-01 (E.D. Va. 2008) (citing <u>Thomas v. Cunningham</u>, 335 F.2d 67, 69 (4th Cir. 1964)); <u>see also</u> <u>Whitley v. North Carolina</u>, No. 5:12-HC-2016-BO, 2012 WL 8123581, *1 (E.D.N.C., Aug. 16, 2012) ("The Fourth Circuit has held that a writ of error coram nobis must be brought to the same court that convicted and sentenced the defendant."); <u>Ellerby</u>

5

**HUTTON V. STATE OF WEST VIRGINIA, ET AL.**          1:13CV186

**ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING
§ 2254 PETITION AND PETITION FOR WRIT OF ERROR <u>CORAM NOBIS</u>
WITH PREJUDICE, AND DENYING AS MOOT REQUEST FOR
EXPEDITED HEARING AND MOTION TO FILE EXCESS PAGES**

<u>v. Maryland</u>, No. CCB-09-3456, 2010 WL 324006, *1 (D. Md., Jan. 15, 2010) ("Federal courts, however, lack jurisdiction under 28 U.S.C. § 1651(a) to alter the judgment of the state trial courts by way of <u>coram nobis</u>.").

Based on this precedent, the Court lacks jurisdiction in this case to issue a writ of error <u>coram nobis</u> and to vacate the conviction of the Harrison County Circuit Court.

**IV.**

For the reasons discussed, the Court **ADOPTS** the magistrate judge's R&R, **DISMISSES** the § 2254 petition and the <u>coram nobis</u> petition **WITH PREJUDICE**, and **DENIES AS MOOT** the request for expedited hearing and the motion to file excess pages.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this order to counsel of record and the <u>pro se</u> petitioner, return receipt requested, and to remove this case from the Court's active docket.

DATED: March 5, 2014.

<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE